STATE OF MAINE                                    CIVIL ACTION
CUMBERLAND, ss                                    DOCKET NO. CV-15-

| | | |
|---|---|---|
| **KAREN BROWN,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | **COMPLAINT AND** |
| v. | ) | **DEMAND FOR** |
| | ) | **JURY TRIAL** |
| **UNIVERSITY OF SOUTHERN MAINE,** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

**NOW COMES** Plaintiff, Karen Brown, by and through counsel, Sarah A. Churchill, Esq., and complains against Defendant as follows:

## PARTIES

1.   Plaintiff, Karen Brown, is a resident of the town of York Beach, Maine.

2.   Defendant, University of Southern Maine, is an educational institution in Portland, Maine.

## JURISDICTION

3.   This action arises under 5 M.R.S.A. §4572 et seq.

4.   This Honorable Court wields jurisdiction over each Defendant named herein pursuant to 14 M.R.S.A. § 704-A in that each Defendant is domiciled in the State of Maine.

## STATEMENT OF FACTS

5.   Plaintiff enrolled as a student at the Defendant's nursing program in 2012.

6.   Plaintiff was a veteran of the United States Army at the time of her enrollment.

1

7. Plaintiff has a disability that was well known to Defendant.

8. Plaintiff was attending Defendant University through the Veteran's Vocational Rehabilitation Program.

9. Carolyn Cutting, Defendant's Veteran's Service Officer was made aware of Plaintiff's disability by Plaintiff and Tara Jones.

10. Part of Plaintiff's disability relates to hearing loss and a mental health condition related to her sister's death which involved a sexual harassment case in the military.

11. Stephen Nelson, Carolyn Cutting, Janice Childs, and Allison Haynes all knew about Complainant's disability.

12. Steven Leighton was also a student in Defendant's nursing program.

13. Steven Leighton was also enrolled in several of Plaintiff's classes..

14. Steven Hayes was also enrolled as a student in Defendant's nursing program.

15. Steven Hayes also many of the same classes as Plaintiff.

16. Steven Leighton made inappropriate sexual comments to Plaintiff.

17. Steven Leighton would talk about the nipples on the mannequins that were used in class.

18. Steven Leighton would make sexual comments about the instructors to Plaintiff.

19. Steven Leighton would tells femal students that it was "time to tget naked."

20. Steven Leighton would lear at Plaintiff in class.

21. Steven Hayes made inappropriate sexual comments to Plaintiff as well.

22. These comments occurred between September 2013 and May of 2013.

2

23. Plaintiff found out that Steven Leighton and Steven Hayes had engaged in this same behavior with other students.

24. Plaintiff reported the behavior of Leighton and Hayes to Steven Nelson, the Director of Community Standards for Defendant.

25. After Plaintiff reported the conduct of Leighton and Hayes they remained in Plaintiff's classes.

26. Leighton and Hayes were made aware of the report Plaintiff made.

27. Defendant indicated that they would not remove Leighton and Hayes from Plaintiff's classes.

28. Leighton and Hayes had several other friends who were also part of Defendant's nursing program: Christina Jones; Lauren Caramahalis; Jessica Dolan; and Emily Weightman.

29. These students began to retaliate against Plaintiff as a result of the complaint that she made.

30. These students would stare at Plaintiff and make fun of her.

31. In February of 2013 Plaintiff was in a class taught by Jane Jacobson.

32. Professor Jacobson witnessed Lauren Caramihalis and Steven Hayes pressing Plaintiff for her home address and clinical locations.

33. This came directly after Lauren Caramahalis indicated to Plaintiff that they had been riding around the town Plaintiff lived in looking for her home.

34. Plaintiff felt very uncomfortable being asked this information by people that were not her friend.

35.    Ms. Caramihalis and Mr. Hayes mocked and belittled Plaintiff for refusing to answer their questions.

36.    Plaintiff firmly and loudly told Ms. Caramihalis and Mr. Hayes to leave her alone.

37.    Professor Jacobson, who knew the history between these students and heard the entire exchange, then threatened to fail Plaintiff for the manner in which she spoke to other students.

38.    Plaintiff continually spoke to staff of Defendant about the ongoing issues she was having with her classmates and requested that she not be in classes with these individuals.

39.    Eventually Ms. Nelson suggested no contact ordered be issued but if that occurred one would be issued on behalf of the other students against Plaintiff as well.

40.    After much discussion and argument with Defendant Plaintiff relented and agreed to the no contact orders.

41.    Plaintiff was routinely ridiculed, bullied, ostracized and targeted by the above referenced students because of her disability and the fact that she reported the sexual harassment.

42.    Defendant indicated to Plaintiff that it did not think that the sexual harassment and retaliation that occurred were not significant issues.

43.    Defendant gave Plaintiff grades that were lower than her work product justified because of the complaints she raised about how the sexual harassment and retaliation were being handled by Defendant.

44.    Plaintiff was given a low pass grade in a clinical class taught be someone who was friends with the group of students listed above.

45. If Plaintiff received two low pass grades during her time in the nursing program that would be considered a failing grade and the course would need to be repeated.

46. Plaintiff repeatedly asked Defendant to not place her in classes with the above referenced students and those requests fell on deaf ears.

47. Plaintiff further asked not to be assigned to group projects with the above references students and that request was not honored by Defendant.

48. Plaintiff withdrew from classes in the summer of 2013 because the offendeing students were also enrolled.

49. Plaintiff tried to have a dialogue with Defendant about not having the above referenced students in her classes during the summer of 2013.

50. Defendant would not commit to separating Plaintiff from the offending students.

51. As a result Plaintiff felt she had no option but to withdraw from Defendant's nursing program.

52. Plaintiff withdrew in September of 2013.

## Count 1

### Maine Human Rights Act Gender Discrimination

53. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

54. Plaintiff is a member of a protected class.

55. The treatment of Plaintiff as part of her enrollment in Defendant's nursing program was based on gender and included unwelcome sexual harassment.

56.  That harassment created an intimidating, hostile, and offensive working environment. A reasonable person in plaintiff's position would have found the discriminatory environment to be hostile and abusive and Plaintiff experienced it as such.

57.  Plaintiff experienced harassment that was sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive educational environment.

58.  Although Plaintiff complained of the sexual harassment directly to the management, the behavior failed to change.

59.  Plaintiff reported the harassment to persons employed in managerial capacities, who were acting within the scope of their employment.

60.  Defendant failed to take any effective remedial action.

61.  Defendant knew and should have known of the behavior described in the above referenced paragraphs.

62.  As a result of the discriminatory treatment, Plaintiff suffered damages.

63.  Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

64.  Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

65.  Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

6

a.    Declare Defendant's actions unlawful;

b.    Award Plaintiff damages;

c.    Award Plaintiff reasonable attorney's fees, costs, and interest;

d.    Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and

front pay;

e.    Award all allowable penalties, nominal and statutory damages; and

f.    Such further relief as the Court deems proper and just.

## Count 2

### VIOLATION OF 26 M.R.S.A. §831 et seq.

66.    Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

67.    Plaintiff at all material times was an "employee", and Defendant an "employer" under the Whistleblower Protection Act.

68.    Plaintiff made a legally protected whistleblower report, or reports, in good faith of what he reasonably believed were violations of law or rules of the State of Maine and/or the United States or a condition or practice that would put at risk the health or safety of that employee or any other individual.

69.    Plaintiff's legally protected Whistleblower report or reports were the substantial or motivating factor in Defendant's decision to force Plaintiff to resign from Defendant's nursing program.

70.    Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

7

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.    Declare Defendant's actions unlawful;

b.    Award Plaintiff damages;

c.    Award Plaintiff reasonable attorney's fees, costs, and interest;

d.    Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e.    Award all allowable penalties, nominal and statutory damages; and

f.    Such further relief as the Court deems proper and just.

### Count 3

**Maine Human Rights Act: Disability Discrimination**

71.    Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

72.    Plaintiff is a member of a protected class in that she has a disability.

73.    Plaintiff suffers from mental illness and hearing loss.

74.    Defendant was on notice about Plaintiff's disability.

75.    Plaintiff was able to achieve high academic results as a student and complete Defendant's nursing program.

76.    Plaintiff made clear to Defendant that she required reasonable accommodations in her education for her disability.

77.    Defendant refused to give Plaintiff a reasonable accommodation.

78.    Defendant treated Plaintiff differently because of her disability.

79.    Plaintiff's disability was the motivating factor behind her disparate treatment.

8

80. Plaintiff's disability was the motivating factor behind Defendant's continued maltreatment of Plaintiff.

81. As a result of the discriminatory treatment, Plaintiff suffered damages.

82. Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

83. Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

84. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. Declare Defendant's actions unlawful;

b. Award Plaintiff damages;

c. Award Plaintiff reasonable attorney's fees, costs, and interest;

d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e. Award all allowable penalties, nominal and statutory damages; and

f. Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 23rd day of December, 2015.

By: **Nichols & Webb, PA**

Sarah A. Churchill, Esq.
Maine Bar No. 9320
Attorney for Plaintiff

NICHOLS & WEBB, PA
1250 Forest Avenue
Suite 10
Portland, ME 04103
(207)879-4000

10